IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL STEVEN CECH,       :<br>    Petitioner                              :<br>                                                  :<br>    v.                                            :<br>                                                  :<br>WARDEN SAGE,                           :<br>    Respondent                           : | No. 1:22-cv-00715<br><br>(Judge Kane) |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Michael Steven Cech ("Cech") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

### I.   BACKGROUND

Cech is currently incarcerated by the United States Bureau of Prisons ("BOP") in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). He is serving a 188-month sentence imposed by the United States District Court for the Western District of Pennsylvania for distribution of information relating to explosives, destructive devices, and weapons of mass destruction in violation of 18 U.S.C. § 842(p)(2)(A). See United States v. Cech, No. 2:12-cr-00230 (W.D. Pa. filed August 22, 2012).

Cech filed the instant petition on May 12, 2022, and the Court received and docketed the petition on May 16, 2022. (Doc. No. 1 at 8.) Cech asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id. at 6.) Cech acknowledges that he has not sought administrative relief from the BOP related to his request, (id. at 2), but he argues in an attached brief that exhaustion of administrative remedies should be excused because he has requested that the warden provide

him credits under the FSA and has not received a response. (Doc. No. 2). Cech argues that under BOP policy, the warden of the prison in which he is incarcerated is the only official who can approve his request for credit under the FSA, so additional appeals of the warden's decision would be futile. (Id. at 2). He also argues that the exhaustion process would cause irreparable harm because it is currently taking more than a year to exhaust administrative remedies through the BOP's administrative remedy process. (Id.)

Respondent, the warden at FCI-Schuylkill ("Respondent"), responded to the petition on July 8, 2022. (Doc. No. 10.) Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should be denied on its merits. (Id.) Cech filed a reply brief on July 25, 2022, in which he argues that he has exhausted administrative remedies because he made a request for earned time credit under the FSA pursuant to 28 C.F.R. § 523.44, which, Cech asserts, "provides an alternative pathway for Medium and High Risk recidivism inmates to petition the warden, to approve the application of the FSA credits." (Doc. No. 11 at 1.) Thus, Cech argues, exhaustion of administrative remedies is either fully satisfied or should be waived. (Id.)

**II.   DISCUSSION**

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative

autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998). To properly exhaust administrative remedies under Section 2241, a petitioner must comply with all administrative remedies that the BOP makes available to him. Cf. Woodford v. Ngo, 548 U.S. 81, 90 (2006) (noting that exhaustion in administrative law context generally requires party to comply with all administrative processes that the agency holds out as available); see also Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 90 (3d Cir. 2015) (requiring proper exhaustion under Woodford in context of Section 2241 habeas corpus petition).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days. See id. § 542.18.

In this case, Respondent contends that Cech has failed to exhaust administrative remedies because he has not filed any administrative remedy requests relating to the FSA. (Doc. No. 10 at 2.) Respondent attaches a declaration from Jennifer Knepper, an attorney advisor for the BOP, which corroborates Respondent's contention that Cech has failed to exhaust administrative remedies. (Doc. No. 10-1 at 3-4.)

Cech raises three arguments with respect to exhaustion. First,[1] he argues he has exhausted administrative remedies despite not filing an administrative remedy request because he sent a request to the warden for his earned time credits to be applied under the FSA pursuant to 28 C.F.R. § 523.44, which he contends is an alternative method to exhaust administrative remedies with respect to FSA claims. (Doc. No. 11.) This argument is without merit. Nothing in the text of 28 C.F.R. § 523.44 provides an alternative method for prisoners to exhaust administrative remedies.

Second, Cech argues that exhaustion of administrative remedies would be futile because BOP policy provides that only the warden may approve his request for earned time credit under the FSA. (Doc. No. 2 at 2.) This argument is also without merit. Regulations implementing the FSA clearly indicate that it is the BOP, and not the warden of the institution in which the petitioner is located, that decides whether to apply FSA time credits. See 28 C.F.R. § 523.44(a).

Finally, Cech argues that he would suffer irreparable harm if he were forced to complete the BOP's administrative remedy process because it is currently taking more than a year to complete the process. (Doc. No. 2 at 2.) The Court finds this argument unavailing. Cech's current projected release date is September 29, 2025, (Doc. 10-1 at 3), and his petition in the instant case requests that 400 days of earned time credit be applied to his sentence. (Doc. No. 2

---

[1] The Court has reordered Cech's three arguments for the sake of clarity.

at 1). Thus, even assuming, <u>arguendo</u>, that Cech is entitled to the credit he seeks, his projected release date would still not occur until sometime in the summer of 2024. Cech therefore had ample time to complete the BOP's administrative remedy process prior to filing this case and consequently the court finds his irreparable harm argument unavailing. Accordingly, the Court rejects Cech's attempts to excuse administrative exhaustion and concludes that Cech has failed to exhaust administrative remedies.

### III.     CONCLUSION

For the foregoing reasons, the Court will dismiss Cech's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate Order follows.